UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DOUGLAS MICHAEL COY,

    Plaintiff,

v.                                        Case No: 5:20-cv-242-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

### ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 24). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Plaintiff requests an award of fees in the amount of $4,280.95,[1] litigation expenses in the amount of $17.25, and costs in the amount of $400.00.

A claimant is eligible for an EAJA attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). The record establishes that these requirements have been met. The Commissioner does not challenge Plaintiff's entitlement to fees under the EAJA but argues

---

[1] In the reply, Plaintiff amended his fee request to include an additional $375.00 for time spent on the reply. The Court declines to award time for the reply because the Court agrees with the Commissioner that the fee request should be reduced.

that the attorney's fees requested are based on an unreasonable hourly rate and improperly include clerical tasks.

A fee award under the EAJA must be reasonable. *Schoenfeld v. Berryhill,* No. 8:17-CV-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018), citing 28 U.S.C. § 2412(d)(2)(A). A reasonable attorney's fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support. *Id.* Reasonable fees do not include excessive, unnecessary, and redundant hours. *Norman v. Hous. Auth. o*f Montgomery, 836 F.2d 1292, 1301–02 (11th Cir. 1988). As with any petition for fees, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Winkler v. Cach*, *LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012).

Here, Plaintiff seeks attorney's fees representing 20 hours of total attorney time and 6.6 hours of paralegal time. Attorneys Suzanne Harris and Amy Ganetis seek fees at the rate of $203.94 per hour for 14.2 hours; Attorneys Howard D. Olinsky and Matthew McGarry seek fees at the rate of $125.00 per hour for 5.8 hours; and Paralegals Jordan Harcleroad, Almira Husejnovic, Jullian Latocha, Brittany Havens, Katelynn Bresnahan, Almir Salkic, and Jake Marshall request fees at the rate of $100.00 per hour. The Commissioner raises no objection regarding the requested attorneys' time or hourly rates, but asks the Court to reduce the paralegals' fees by 3.60 hours for purely clerical tasks and the requested hourly rate to $75.00.

In the Eleventh Circuit, paralegal time is recoverable but only to the extent that the paralegal performs work traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). However, time spent on clerical tasks—regardless of whether it is performed by an attorney or a paralegal—is considered a non-compensable overhead expense under the EAJA. *Gates v. Barnhart*, 325 F.Supp.2d 1342, 1348 (M.D. Fla. 2002), citing *Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000). Here, the Commissioner objects to compensation for the following work, arguing that it is purely clerical in nature:

| | | | |
|---|---|---|---|
| 4/10/2020 | Files received, reviewed and processed from referral source for attorney review | 0.6 | Jordan Harcleroad |
| 4/20/2020 | Telephone call with Client re: completed federal debt check, explained EAJA | 0.4 | Almira Husejnovic |
| 5/15/2020 | FDC contract & other rep documents prepared for Client completion | 0.6 | Jordan Harcleroad |
| 5/15/2020 | FDC contract returned via Right Signature, reviewed for completion | 0.3 | Jordan Harcleroad |
| 6/5/2020 | Federal Court-Service of Process-prepare service packets to USAO, OGC, AG | 0.6 | Jordan Harcleroad |
| 7/16/2020 | Combine and file proof of service via CM/ECF | 0.2 | Jordan Harcleroad |
| 11/25/2020 | Combine, OCR & Live Bookmark Federal Court Transcript (336 pages) | 0.3 | Jullian Latocha |
| 10/29/2021 | Finalize EAJA Narrative, Timeslips, Exhibits | 0.6 | Jake Marshal |

The Court finds that the above tasks are clerical and should not be compensated, except for the April 20, 2020 telephone call with the client to explain the EAJA and assignment of fees (0.4) and the June 5, 2020 preparation of service of process (0.6), both of which arguably involve legal work traditionally performed by counsel. *See e.g., Robinson v.*

*Commissioner of Soc. Sec.*, No. 2:14cv391-FtM-CM, 2016 WL 25912, *3 (M.D. Fla. Jan. 4, 2016) (finding compensable time spent preparing service of process). The remaining tasks, however, appear to be clerical in nature and are not linked to the actual completion of any legal work. *See e.g., Zayas o/b/o J.X.A. v. Comm'r of Soc. Sec.,* 8:18-cv-2918-T-MAP at 3 (M.D. Fla. June 12, 2020) (finding "finalize EAJA Narrative, Time Slips, Exhibits" to be non-compensable); *Stone v. Comm'r of Soc. Sec.*, No. 3:16-cv-1588, Doc. 27 at 4-5 (August 22, 2018) (eliminating compensation for "Files received, reviewed and process from referral source," FDC prospect packet, OCR, combining and bookmarking of administrative transcript); *Wood v. Comm'r of Soc. Sec*, No. 2:15-cv-437-FtM-29CM, 2017 WL 2298190, at *3 (M.D. Fla. May 26, 2017) (finding 'Federal Court forms packet prepared for Client completion, mailed via USPS,' 'FDC prospect packet returned via Right Signature/Reviewed for completion,' and 'Download, File and Save Transcript, OCR and live bookmark' to be non-compensable clerical tasks); *Weaver v. Comm'r of Soc. Sec.*, No. 6:07-cv-1082-ORL-19KRS, 2008 WL 2370187, at *2 (M.D. Fla. June 6, 2008) (denied compensation for preparation and submission of retainer agreement). Accordingly, the Court will reduce the requested paralegal time by 2.6 hours and finds that 4.0 hours of paralegal time was reasonably expended and is compensable under the EAJA[2].

---

[2] The Commissioner also argues that the requested 2.7 hours for the EAJA petition is unreasonable and should be reduced to 2.0 hours. Specifically, the Commissioner asks the Court to reduce the hours performed by paralegal Jake Marshal by 0.7 hours. As discussed above, the Court already excluded Paralegal Marshal's October 29, 2021 entry for Finalize EAJA Narrative, Timeslips, Exhibits. Thus, his time spent on the EAJA petition has already been reduced by 0.6 to 2.1 hours, which the Court finds reasonable and compensable under the EAJA.

With respect to the requested hourly rate for the paralegals, the Court agrees –based on its own expertise and judgment—that $75.00 is a reasonable hourly rate for the Ocala Division.

Accordingly, pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), Plaintiff's motion (Doc. 24) is **GRANTED** to the extent that Plaintiff is awarded a total of **$3,920.95** in attorney's fees,[3] **$17.25** in expenses, and **$400.00** in costs. Based on Plaintiff's assignment of EAJA fees to his counsel (Doc. 24-18), payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on December 17, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] This number is reached as follows: 14.2 hours x $203.94; 5.8 hours x $125.00; 4.0 hours x $75.00.